IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH - CENTRAL DIVISION

| | |
|---|---|
| DIONICO BLANCO,<br><br>                Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>                Respondent. | ORDER OF DISMISSAL<br><br>Case No. 1:07-CV-92<br><br>Related Case No. 1:03-CR-131 |

       On June 29, 2007, Defendant Dionico Blanco, appearing pro se, filed a petition to vacate, set aside or correct a sentence under 28 U.S.C. § 2255. The prior case that Defendant refers to is case no. 1:03-CR-131, where Defendant pleaded guilty to possessing five grams or more of cocaine base. On April 18, 2005, the Court sentenced Defendant to 77 months and 3 years of supervised release.

       Defendant asserts ineffective assistance of counsel. In order to prevail on an ineffective assistance of counsel claim, Defendant must "'establish both that his attorney's representation was deficient and that he was prejudiced by that deficiency.'" *United States v. Kennedy,* 225 F.3d 1187, 1197 (10th Cir. 2000) (citing *James v. Gibson,* 211 F.3d 543, 555 (10th Cir. 2000)). Counsel's performance is deficient if the representation "fell below an objective standard of reasonableness." *Strickland v. Washington,* 466 U.S. 668, 688 (1984). Prejudice is shown if "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Kennedy,* 225 F.3d at 1197 (citing *Strickland,* 466 U.S. at 694). "'There is a strong presumption that counsel provided effective assistance, and a section

2255 defendant has the burden of proof to overcome that presumption.'" *Kennedy,* 225 F.3d at 1197 (citing *United States v. Williams,* 948 F. Supp. 956, 960 (D. Kan. 1996)).

The basis of Defendant's claim is that he was never told by his attorney, Mr. Sisneros, that requesting that the government undertake a reweigh of the cocaine base would result in Defendant losing the third downward departure point for acceptance of responsibility under section 3E1.1(b) of the Sentencing Guidelines. Furthermore, Defendant claims that if he was informed of this possibility, he would not have requested the reweigh.

It is clear, however, from the letter to Mr. Sisneros dated August 26, 2004 and the transcript from the September 22, 2004 status conference that both Mr. Sisneros and Defendant knew that if the cocaine base was reweighed, the government would withhold the third point for acceptance of responsibility. On August 26, 2004, the U.S. Attorney's Office sent Mr. Sisneros a letter to follow-up on a previous discussion about possibly having the cocaine base reweighed. The letter stated that because the cocaine base weighed 6.1 grams, significantly more than 5 grams, it would be frivolous to reweigh it. Furthermore, if the cocaine base weighed more than 5 grams after it was reweighed, the government stated that it would withhold recommendation for the third point for acceptance of responsibility. Despite this, Mr. Sisneros filed a motion on August 30, 2004 to order an independent test of the cocaine base.

At the status conference held before the Court on September 22, 2004, Mr. Sisneros raised the issue and said, "My only purpose in raising it now is to I guess object as cleanly and plainly as possible on the record to the idea of denying Mr. Blanco an acceptance point - " (Transcript, Ex. C, at 5). Mr. Sisneros stated, "I just want to as early as possible raise the issue so that we are all on board about the position of Mr. Blanco on this issue . . . ." (*Id.* at 6.)

Once the cocaine base was reweighed and after Defendant pleaded guilty, the government recommended a two-level reduction for acceptance of responsibility as part of the plea agreement. At the sentencing on April 14, 2005, the Court recognized that under the circumstances it could not award the third point for acceptance of responsibility. The Court, however, departed downward two levels.

Because the Defendant was in Court when Mr. Sisneros objected to a denial of the third point for acceptance of responsibility, the record clearly establishes that Defendant was aware that the government had clearly stated that it would not recommend the third point for acceptance of responsibility if the cocaine base was reweighed, a recommendation solely within the government's power to make. Based on these facts, the Court finds that Defendant's representation was neither deficient, nor was the Defendant prejudiced, especially considering that he was sentenced to 77 months when the guideline range was 92-115 months.

For the foregoing reasons, petitioner's motion to vacate, set aside, or correct his sentence is DENIED.

IT IS SO ORDERED.

DATED this 22nd day of January, 2008.

Dee Benson
United States District Judge